UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOB ADISA AYANTOLA, | : |
| Plaintiff, | : |
| v. | : No. 3:05cv957(MRK) |
| THE BOARD OF TRUSTEES OF COMMUNITY TECHNICAL COLLEGES OF THE STATE OF CONNECTICUT, | : |
| Defendant. | : |

**RULING AND ORDER**

Currently pending before the Court is Defendant's Second Motion for Summary Judgment [doc. # 51]. Previously, this Court had granted in part and denied in part Defendant's first Motion for Summary Judgment [doc. # 24]. *See Ayantola v. Cmty. Tech. Colls.*, No. 3:05cv957 (MRK), 2007 WL 963178 (D. Conn. Mar. 30, 2007). The Court denied Defendant summary judgment on Mr. Ayantola's claims under Title VII that he was not promoted in 2004 in retaliation for his protected activity and because of his race, color and national origin. *Id.* at *5. The Court assumes familiarity with its prior ruling.

While awaiting trial on the claims that survived Defendant's first motion for summary judgment, the same parties proceeded to trial in state court on claims that are factually identical to those asserted in this action. The only difference is that in state court, Mr. Ayantola's claims of retaliation and discrimination were based upon Connecticut's Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60, while in federal court, his claims are founded on Title VII. Following trial of the state-law claims to the court, Connecticut Superior Court Judge John W.

1

Pickard entered judgment for Defendant, rejecting Mr. Ayantola's claims that he was the victim of either discrimination or retaliation. *See* Def.'s Second Mot. for Summ. J. [doc. # 51], Ex. 1, Memorandum of Decision dated July 11, 2007, *Ayantola v. Conn. Bd. of Trustees of Tech. Colls.*, Docket No. LLI-CV-05-4002793S.

In his decision, Judge Pickard found as a fact that President Baccus was justified in failing to recommend Mr. Ayantola for promotion in 2004 because of the concerns expressed by students in Mr. Ayantola's classes. Specifically, Judge Pickard found as a fact that "these concerns [we]re not a mere pretext for discrimination. . . . There is no question that the only thing which prevented the plaintiff from being promoted in the spring of 2004 was the presence of the large number of student complaints. This is a legitimate non-discriminatory reason." *Id.* at 4-5. The state court also found as a fact that Mr. Ayantola "has not proven that there is a causal connection between [his] protected activity and the adverse employment action [that he suffered]." *Id.* at 5. As the judge explained,

> The reason for the plaintiff's non-promotion in the spring of 2004 was the spate of student complaints which cropped up in the second semester of 2004. In a school such as this, the students are customers who are valuable and in demand. Student complaints are a valid concern of the administration and are a sufficient non-discriminatory reason for denying promotion.

*Id.* at 5-6. Mr. Ayantola has appealed the Superior Court's ruling, and his appeal remains pending.

Defendant's current motion argues that Mr. Ayantola's claims in this action are now barred by the doctrines of claim preclusion (*res judicata*) or issue preclusion (collateral estoppel). In particular, Defendant asserts that the identical issues raised in this case have already been tried and resolved against Mr. Ayantola in state court, that in applying the CFEPA, Connecticut courts follow federal law under Title VII, *see Levy v. Commission on Human Rights & Opportunities*, 236 Conn.

96, 103 (1996), and that under Connecticut law, a final judgment in Superior Court is given preclusive effect even if the judgment is on appeal. *See, e.g.*, *LaBow v. Rubin*, 95 Conn. App. 454, 467 (2006) ("In Connecticut, this court has held the judgment of a trial court to be final, despite a pending appeal, when the issue was . . . the applicability of the rules of res judicata . . . [or] the narrower doctrine of collateral estoppel.").

Mr. Ayantola agrees that both the Superior Court action and this action are founded upon the identical conduct by Defendant and that both actions allege retaliation and discrimination based on race, color and national origin. Mr. Ayantola also does not dispute that the Superior Court relied on federal precedent in assessing his CFEPA claim and that Connecticut courts give preclusive effect to final judgments of the Superior Court even if those judgments are on appeal. Nevertheless, Mr. Ayantola argues that he is entitled to pursue his Title VII claim in this Court, despite losing his CFEPA claim in state court, because his Title VII claim was never presented to the state court. He also contends that the state court judge did not address his "mixed motives" argument, because, in his view, the state court judge did not determine whether Mr. Ayantola's race, color or national origin was a motivating factor in Defendant's decision.

This Court has previously discussed the principles governing the application of preclusion law to state court judgments. In *Media Group, Inc. v. Tuppatsch*, 298 F. Supp. 2d 235 (D. Conn. 2003), the Court pointed out that in *Migra v. Warren City School Dist.*, 465 U.S. 75 (1984), the Supreme Court stated:

> It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered. . . . Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgment emerged would do so.

3

*Media Group*, 298 F. Supp. 2d at 240 (quoting *Migra*, 465 U.S. at 81) (alteration in original); *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 68, 72 (2d Cir. 2003) ("Where there is a final state court judgment, a federal court looks to that state's rules of res judicata to determine the preclusive effect of that judgment."). The U.S. Supreme Court has explicitly held that Title VII is not an exception to the full faith and credit statute, 28 U.S.C. § 1738, and that § 1738 requires a court to give a state-court judgment the same preclusive effect as that judgment would be given in state court. *See Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 476 (1982).

Connecticut follows the generally accepted principles of claim preclusion, or *res judicata*, and bars a second suit between the same parties on the same cause of action as to all claims which were or could have been litigated in the first suit. *See, e.g.*, *Joe's Pizza, Inc. v. Aetna Life & Cas. Co.*, 236 Conn. 863, 871-72 (1996); *see also Walker v. Envirotest Sys., Inc.*, 77 F. Supp. 2d 294, 298-99 (D. Conn. 1999); *Sekor v. Capwell*, 1 F. Supp. 2d 140, 145-46 (D. Conn. 1998). As the Connecticut Supreme Court has explained,

> [C]laim preclusion [or res judicata] prevents a litigant from reasserting a claim that has already been decided on the merits. . . . Under claim preclusion analysis, a claim – that is, a cause of action – includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. . . . Moreover, claim preclusion prevents the pursuit of any claims relating to the cause of action which were actually made or might have been made.

*Comm'r of Envtl. Prot. v. Conn. Bldg. Wrecking Co.*, 227 Conn. 175, 188 (1993) (quoting *Scalzo v. Danbury*, 224 Conn. 124, 127-28 (1992)) (alteration in original). In determining whether a party's claim is precluded, Connecticut courts apply the so-called "transaction test" of the Restatement (Second) of Judgments § 24.

Here, there is no doubt that Mr. Ayantola's claim in this action is identical to the claim

4

rejected in state court. Both claims arise out of the same transactions and series of transactions and allege that Defendant discriminated and retaliated against Mr. Ayantola by failing to promote him in 2004. That Mr. Ayantola's state-court discrimination and retaliation claim was asserted under the CFEPA, while his claim in this Court is asserted under Title VII, is of no moment. For Mr. Ayantola could have presented his Title VII claim in his state court action. *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 826 (1990) ("We have no reason to question the presumption that state courts are just as able as federal courts to adjudicate Title VII claims."); *Walker*, 77 F. Supp. 2d at 298 ("[A] Title VII claimant may pursue his or her claim in either State or Federal Court . . . ."). That he chose not do so, is not a bar to application of the doctrine of claim preclusion, since that doctrine bars all claims that were or *could have been* asserted in the prior proceeding. *See Comm'r of Envtl. Prot.*, 227 Conn. 189.

Finally, there is no question that Mr. Ayantola had a full and fair opportunity to litigate his claims in state court. It is true that Mr. Ayantola contends that the Superior Court judge failed in his memorandum of decision to address one of the arguments that Mr. Ayantola advanced. But that fact does not mean that Mr. Ayantola was denied a full and fair opportunity to present his claims to the state court. *See Sekor*, 1 F. Supp. 2d at 146 ("That the state courts' rulings did not reach the merits of [one of plaintiff's] arguments does not thwart the res judicata effect of the resulting judgment."). And, of course, Mr. Ayantola can pursue his dispute with the Superior Court judge in connection with his currently pending state-court appeal.

Accordingly, the Court concludes that Mr. Ayantola's claims in this lawsuit are barred by the doctrine of claim preclusion. As another judge has noted, a party who splits his claims between two fora inevitably runs the risk that a final resolution in one forum will foreclose adjudication in the

other.  *See Marcano Arroyo v. K-mart, Inc.*, 81 F. Supp. 2d 301, 310 (D.P.R. 1999).  Mr. Ayantola ran that risk here and must now face the consequences of his strategic decision to split his claims.

The Court, therefore, GRANTS Defendant's Second Motion for Summary Judgment [doc. # 51].  **The Clerk is directed to enter judgment in favor of Defendant and close this file.**

IT IS SO ORDERED.


/s/      Mark R. Kravitz
United States District Judge


**Dated at New Haven, Connecticut: November 15, 2007**.